UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **GREGORY D. WHITE** | **CIVIL ACTION NO. 08-0251** |
| **VS.** | **SECTION P** |
| **CHAD LEE, WARDEN** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on February 19, 2008 by *pro se* petitioner Gregory D. White. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Franklin Parish Detention Center, Winnsboro, Louisiana. He attacks his September 15, 2004 conviction for distribution of cocaine in the Fifth Judicial District Court, Franklin Parish.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Statement of the Case*

On September 15, 2004, petitioner was convicted of distribution of cocaine following trial by jury in the Fifth Judicial District Court.  He pled guilty to an habitual offender bill charging him as a second felony offender and was sentenced to serve the mandatory minimum sentence of  fifteen years at hard labor without benefit of parole.  He appealed his conviction and sentence to Louisiana's Second Circuit Court of Appeals.  On June 29, 2005 his conviction and

sentence were affirmed. [doc. 1, ¶¶ 3 and 6; see also, *State of Louisiana v. Gregory D. White*, 39,745 (La. App. 2 Cir. 6/29/2005), 907 So.2d 228.] He did not seek further direct review in Louisiana's Supreme Court. [doc. 1, ¶6(c)]

On July 28, 2005[1], petitioner filed a *pro se* application for post-conviction relief in the Fifth Judicial District Court. [doc. 3, Exhibit 2, pp. 4-12] On September 21, 2005 the application was denied. [doc. 3, Exhibit 3, pp. 13-15] Petitioner claims that he did not seek discretionary review in the court of appeals because the "... time limit ran out due to Parish Jail holding petitioner's mail until after time limit..." [doc. 1, ¶ 7] However, the documentary evidence submitted by petitioner establishes that he timely filed an application for supervisory writs in the Second Circuit Court of Appeals on October 19, 2005. That matter was assigned Docket Number 40851-KH. On November 3, 2005 writs were denied and notice of judgment was mailed to petitioner. *State of Louisiana v. Gregory D. White*, 40851-KH. [doc. 3, Exhibit 1, pp. 2-3] Petitioner did not seek further review in the Louisiana Supreme Court.

On November 8, 2007 petitioner filed a second *pro se* application for post-conviction relief in the Fifth Judicial District Court. [doc. 3, Exhibit 5, pp. 17-21] The application was denied on December 13, 2007 as untimely under La. C.Cr.P. art. 930.8 since it was filed more than two years after petitioner's judgment of conviction became final. [doc. 3, pp. 24-25] Petitioner claims that he did not seek further review in the Second Circuit because he did not

---

[1] Petitioner signed his pleadings on July 28, 2005; the pleadings were received and filed on August 9, 2005. In *State ex rel. Egana v. State*, 00-2351 (La.9/22/00), 771 So.2d 638, the Louisiana Supreme Court approved of the use of the "mailbox rule" referred to in *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988), for *pro se* prisoner filings. Under this "mailbox rule", a *pro se* prisoner's pleadings are "filed" at the moment of delivery to prison authorities for forwarding to the court. The date petitioner signed his pleadings is the earliest date that the pleadings could be said to have been filed and therefore petitioner will be afforded the benefit of the doubt with regard to the dates he filed his pleadings.

receive the judgment denying his application for post-conviction relief until January 17, 2008. [doc. 1, ¶7(c)]

Petitioner filed the instant writ application on February 19, 2008. [doc. 1, ¶ 5]

### *Law and Analysis*

*1. Time Bar*

Title 28 U.S.C. §2244(d)(1)(A) provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's

---

[2] Nothing in the record before the court suggests that any State created impediments prevented the filing of this petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)]. Nevertheless, on March 31, 2008 petitioner was advised, "To the extent that petitioner relies on one or more of these statutory tolling provisions, he should amend his pleading to provide argument and evidence in support of such a claim." Petitioner amended his pleadings on April 9, 2008 and alleged only that he was ignorant of the law and received no assistance from "jail counsel."

courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007).  Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his conviction and sentence to the Second Circuit Court of Appeals. That court affirmed his conviction and sentence on June 29, 2005. See *State of Louisiana v. Gregory D. White*, 39,745 (La. App. 2 Cir. 6/29/2005), 907 So.2d 228.  Under Louisiana law, petitioner had a period of 30-days from the date that the Second Circuit mailed notice of judgment within which to seek further direct review in Louisiana's Supreme Court.[3]  By his own admission, petitioner did not seek further direct review in Louisiana's Supreme Court. [doc. 1, ¶6(c)] Therefore, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. § 2244(d)(1)(A)], thirty days following the mailing of Notice of Judgment by the Second Circuit or July 29, 2005.[4]  See *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir.2003) (If a defendant stops the appeal process before the entry of judgment by the court of last resort, the conviction becomes final when the time for seeking further direct review in the state court expires.)  Petitioner had one year, or until July 29, 2006 to file his federal *habeas corpus* suit.

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides, "The time during

---

[3]  See Louisiana Supreme Court Rule X § 5(a) which provides: "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal..."

[4]  It is presumed that the Second Circuit complied with the Uniform Rules of the Courts of Appeal and mailed notice of judgment on the date that judgment was rendered. See Uniform Rules, Courts of Appeal, Rule 2-16.4 which provides, "In every case, one copy of the published or unpublished opinion, when rendered, shall be delivered or mailed to the trial judge, the clerk of the trial court, all appeal counsel of record, and all parties not represented by counsel." To the extent that petitioner might claim that his judgment of conviction became final on some date other than July 29, 2005, he should provide argument and evidence in support of such a claim.

which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation..." Petitioner filed an application for post-conviction relief on July 28, 2005. [See footnote 1, *supra*] That post-conviction proceeding remained pending until November 3, 2005 when the Second Circuit Court of Appeals denied writs. *State of Louisiana v. Gregory D. White*, 40851-KH. [doc. 3, Exhibit 1, pp. 2-3]

Petitioner's judgment of conviction became final by the conclusion of time for seeking further direct review on July 29, 2005; however, petitioner was able to toll the limitations period by filing his application for post-conviction relief on July 28, 2005. The application for post-conviction relief remained pending until November 3, 2005, the date that the Court of Appeals denied writs. *State of Louisiana v. Gregory D. White*, 40851-KH. [doc. 3, Exhibit 1, pp. 2-3] However, the AEDPA limitations period began to run once tolling ceased and more than two years elapsed before petitioner filed his second application for post-conviction relief on November 8, 2007. [doc. 3, Exhibit 5, pp. 17-21] Since more than one un-tolled year elapsed between the date that petitioner's judgment of conviction became final and the date he filed the instant petition for writ of *habeas corpus*, the petition is time-barred by the provisions of 28 U.S.C. §2244(d).

*2. Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from

5

asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). Nothing of record supports equitable tolling of the statute of limitations in the instant case. The petitioner was not actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.[5]

### 3. Conclusion and Recommendation

The petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A). Equitable tolling does not apply. Dismissal on those grounds is therefore recommended.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitations period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10)**

---

[5] Petitioner contends that he was prevented from timely seeking review of various lower court decisions because of delays in receiving the judgments of the lower courts. However, he concedes that he did not invoke the supervisory jurisdiction of the higher courts because he "... didn't know how to file an extension of time or out-of-time writ..." [doc. 3, p. 1] Ignorance of the law, even for an incarcerated *pro se* petitioner does not excuse prompt filing and provides no basis for equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999); see also *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir.2002); *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir.2002); *Johnson v. Quarterman*, 483 F.3d 278, 286-87 (5th Cir. 2007).

**days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers at Monroe, Louisiana, this 12th day of May, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE